IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

EARL A OCKMAN                                                                              PLAINTIFF

v.                                    CIVIL NO. 11-3096

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background**:

Plaintiff protectively filed his current applications for DIB and SSI on August 6, 2009, and August 14, 2009, respectively, alleging an inability to work since August 21, 2008, due to a hernia, depression, and dyslexia. (Tr. 126, 134, 167). An administrative hearing was held on August 19, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 20-66).

By written decision dated March 14, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following severe impairments: a ventral hernia.

However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R.§§ 404.1567(b) and 416.967(b). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 26, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Plaintiff filed an appeal brief on May 11, 2012, and included medical evidence that was not before the ALJ. (Doc. 10). Defendant filed an appeal brief on June 11, 2012. (13). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**IV.  Discussion:**

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled. Defendant argues substantial evidence supports the ALJ's determination.

**A.  Motion for New and Material Evidence:**

On May 11, 2012, Plaintiff filed a brief setting forth reasons why he believed the ALJ had erred in denying his applications for disability benefits. (Doc. 10). In his brief, one of the arguments made by Plaintiff was that the ALJ failed to properly address the findings of Dr. Vann Arthur Smith, a neuropsychologist, who opined in January of 2010, that Plaintiff was unable to perform substantial gainful activity due to his cognitive disorder, secondary to his general medical condition. (Doc. 10, Exhibit 1). While the Court admonishes Plaintiff's counsel for not properly filing this evidence in a separate motion, the Court will construe Plaintiff's brief and exhibits as a motion for the Court to consider new and material evidence. Defendant filed a brief on June 11, 2012, arguing that Plaintiff failed to provide good cause for failing to submit this evidence during the administrative proceedings. (Doc. 13).

A court may remand a social security claim for consideration of additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Hepp v. Astrue, 511 F.3d 798, 808 (8th Cir.2008) (quoting 42 U.S.C. § 405(g)). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have

changed the Secretary's determination." Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir.1993). This evidence concerns Plaintiff's medical condition during the relevant time period.

In order for new evidence to be submitted, Plaintiff must also show good cause for failing to incorporate the evidence into the administrative proceeding. In referencing Dr. Smith's opinion, Plaintiff states that "for reasons unknown," Dr. Smith's evaluation "never became part of this record" but "clearly should have" been made part of the record. (Doc. 10, p. 7). Plaintiff argues that newly submitted evidence can also be made part of the administrative record when it was submitted to the Appeals Council who elected not to remand on the basis of the new evidence.

In this case, the record failed to show that Plaintiff attempted to submit Dr. Smith's evaluation to the Appeals Council. After reviewing the ALJ's decision, Plaintiff's counsel should have been alerted to the fact that the ALJ failed to mention Dr. Smith's opinion, and being experienced in representing claimant's in social security cases, he should have reviewed the record and been alerted to the fact that Dr. Smith's report was not included. Plaintiff's counsel could have then requested that the Appeals Council include Dr. Smith's report in the record for review. Plaintiff did not address why he failed to ask the Appeals Council to consider the new evidence as permitted by 20 C.F.R. § 404.1785. Because Plaintiff failed to address why this evidence was not submitted to the Appeals Council, the Court does not find Plaintiff established good cause for failing to incorporate the evidence into the administrative proceeding. See Hepp, 511 F.3d at 808 (citing Hinchey v. Shalala, 29 F.3d 428, 433 (8th Cir.1994))("Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation.").

-5-

Based on the above, the Court will not consider this evidence when determining if substantial evidence supports the ALJ's determination.

**B.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. As pointed out by the ALJ, the evidence of record revealed that Plaintiff did not seek on-going and consistent treatment for his alleged disabling impairments. See Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment was inconsistent with allegations of pain).

With regard to Plaintiff's alleged disabling diverticulitis, the medical evidence revealed that in 2005, prior to the relevant time period, Plaintiff underwent treatment for abdominal pain which included surgical repairs of a bowel obstruction. (Tr. 292-306, 320-576, 578-582). The

-6-

ALJ noted, and the record supports that Plaintiff returned to work in 2007, and performed medium level work. The Court notes that impairments that are amenable to treatment cannot be found to be disabling. Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.")(citations omitted) While Plaintiff's counsel indicated that Plaintiff had been diagnosed with Chron's disease, the ALJ noted that the medical evidence revealed "no evidence of Crohn's Disease per [the] pathology report." (Tr. 11, 569).

The first time Plaintiff sought treatment during the relevant time period was on July 23, 2009, almost one year after his alleged onset of disability. (Tr. 590). At that time, Plaintiff had no complaints regarding his gastrointestinal system, and reported he was eating normal meals and having normal bowel movements. Plaintiff reported that he smoked one package of cigarettes daily. Plaintiff reported that he was having significant symptoms from a hernia, especially when lifting and doing heavy activity. Dr. Jacob L. Dickinson recommended a CT scan to confirm what he thought was a hernia which, Dr. Dickinson felt was a "reparable condition." At that time, Plaintiff declined to undergo a CT scan due to financial difficulties. Plaintiff did not seek treatment again until January 14, 2010, when he complained of abdominal pain, shortness of breath and headaches that started in October of 2009. (Tr. 624). Plaintiff was noted to have an "obvious" incisional hernia. Plaintiff was started on medication. The record revealed Plaintiff did not seek further treatment until August of 2010, when Plaintiff underwent a surgical evaluation performed by Dr. John Spore. (Tr. 628-630). At that time, Plaintiff was diagnosed with a ventral hernia, and Dr. Spore noted that Plaintiff agreed to undergo the surgical repair of his hernia. The Court finds substantial evidence to support the ALJ determination that

AO72A
(Rev. 8/82)

Plaintiff does not have a disabling hernia impairment.

With regard to Plaintiff's alleged mental impairments, the record failed to show that Plaintiff sought on-going and consistent treatment for any mental health impairment. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). It is also noteworthy that after performing a consultative mental diagnostic evaluation and intellectual assessment, Dr. W. Charles Nichols indicated in September of 2009 that he was unable to diagnosis Plaintiff due to his lack of effort. (Tr. 593-597). Dr. Nichols stated the following:

> During the interview and testing process, Mr. Ockman did not appear to give full effort Therefore, the results of the evaluation are largely compromised. Malingering in the form of symptom exaggeration is suspected.

(Tr. 597). It is also noteworthy that in October of 2009 after reviewing the record, Dr. Dan Donahue opined that Plaintiff did not have a severe mental impairment. (Tr. 612). The Court finds substantial evidence to support the ALJ's determination that Plaintiff does not have a severe mental impairment.

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record also revealed that Plaintiff was able to come up with the funds to support his smoking habit.

Plaintiff's subjective complaints are also inconsistent with evidence regarding his daily activities. In a Function Report dated August 24, 2009, Plaintiff indicated that he talked and

watched television with his wife and family; that with the exception of tying his shoes, he could take care of his personal needs; that he could use the riding lawn mower to cut the grass; that he could drive a car and go out alone; and that he could shop in stores for movies. (Tr. 193-200). Plaintiff also admitted to Dr. Nichols that he was able to do some simple cooking with a microwave and to make sandwiches. (Tr. 594). This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application was supported by substantial evidence where daily activities– making breakfast, visiting friends, watching television and driving-were inconsistent with claim of total disability).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

    **C.**    **The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a

medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform a full range of light work during the relevant time period, the ALJ considered the medical assessments of the non-examining agency medical consultants; the consultative examiner's assessment; Plaintiff's subjective complaints; and his medical records. The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings for the relevant time period.

    **D.**    **Use of the Medical Vocational Guidelines (Grids):**

Finally, Plaintiff argues that the ALJ failed to properly address his alleged illiteracy. Once Plaintiff has established a *prima facie* case by showing an inability to perform past relevant work, the burden of proof shifts to the Commissioner to show that Plaintiff has the residual functional capacity to perform some other kind of work and that jobs are available in the national economy which realistically fit her capabilities. Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993). If the claimant is found to have only exertional impairments (affecting the ability to perform physical labor), the Commissioner may meet this burden by referring to the Grids which are fact-based generalizations about the availability of jobs for people of varying ages,

educational background, and previous work experience, with differing degrees of exertional impairment. Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir. 1997); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992)(citations omitted).

In the present case, the record revealed that Plaintiff had completed the eighth grade before dropping out of school.  Although there may not be substantial evidence in the record as a whole to support the ALJ's finding that Plaintiff is literate, any resulting error is harmless in this case. Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir. 2003).  Under Rule 202.18 (limited or less education), Plaintiff would not be found disabled under the Grid Rules. See 20 C.F.R. pt. 404, Subpt. P, App. 2, Tbl. 1, Rule 202.18. Where the Government proves an individual's vocational factors and residual functional capacity match those of a particular Grid Rule, the Grid Rule promulgated by the Commissioner fully accounts for the effect an individual's education (or lack thereof) has on his ability to perform work in the national economy; consequently, this ends our inquiry. See Id. (citations omitted).

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 10th day of December, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)